# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **LEONARD HENDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 1:21-CV-00030 |
| ) | |
| **f/n/u PERRY,** *et al.,* ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| **Defendants.** ) | |

## **MEMORANDUM**

Leonard Henderson, an inmate of the South Central Correctional Facility in Clifton, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Warden f/n/u Perry, T.D.O.C. Core Civic, f/n/u Frakes, Captain f/n/u Maces, and the South Central Correctional Facility, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also has filed motions for appointment of counsel (Doc. No. 3) and for a court appearance (Doc. No. 4) as well as a Petition for Writ of Habeas Corpus Ad Testificandum (Doc. No. 5).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## **I. PLRA SCREENING STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

The complaint alleges that, while incarcerated at the South Central Correctional Complex over the past year, Plaintiff requested to be placed in protective custody twice. Both times his request was denied. During this same time period, Plaintiff was sexually assaulted. He believes the assault "was finally what lead [sic] to [him] being placed on P.C." (Doc. No. 1 at 4).

## IV. ANALYSIS

The Eighth Amendment to the United States Constitution requires officers to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an

objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id*. at 837-38; *Helling v. McKinney*, 509 U.S. 25, 32 (1993). Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, the complaint names the following individuals as Defendants to this action: Warden Perry, "T.D.O.C. Core Civic", Internal Affairs Officer Frakes, Captain Maces, and the South Central Correctional Facility. (Doc. No. 1 at 3-4). The complaint does not identify in what capacity Plaintiff sues the individual Defendants. (*Id*.)

To the extent that Plaintiff seeks to hold certain Defendants liable because of their job titles, persons cannot be held liable solely because of their supervisory positions. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). Consequently, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. "There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates." *Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).

Furthermore, the South Central Correctional Facility is a building and not a "person" who can be sued under 42 U.S.C. § 1983. *See Bryant v. Jackson*, No. 1:12-cv-00093, 2015 WL 344768, at *5 (M.D. Tenn. Jan. 16, 2015) (holding that, with respect to South Central Correctional Facility, "[t]he facility itself is a building, not a person amenable to suit under § 1983."). Thus, Plaintiff's allegations fail to state a claim under Section 1983 upon which relief can be granted against the South Central Correctional Facility, and all claims against the South Central Correctional Facility are **DISMISSED**.

Because it performs a traditional state function in operating a state prison, Core Civic is a "person" acting under the color of state law for purposes of Section 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Core Civic may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Core Civic liable, Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *See Street*, 102 F.3d at 818. Core Civic is only liable if its own policies were shown to be the "moving force" behind Plaintiff's injury. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). At this time, the complaint does not describe how a Core Civic policy is responsible in full or in part for any injury to Plaintiff. The claim, therefore, is subject to dismissal.

With regard to the other Defendants, Plaintiff provides no information in the complaint[1] about what role each Defendant played in the denial of Plaintiff's request for protective custody and the alleged failure to protect Plaintiff from a known danger. A plaintiff must identify the role of the defendant in the alleged violation, *see Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982), and Plaintiff has not alleged any specific personal involvement by these Defendants in the events described in the complaint. These claims, like Plaintiff's claim against Core Civic, are subject to dismissal.

However, had Plaintiff provided more details and sufficiently linked his allegations to the policies of Core Civic and the actions of individual Defendants, his allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. Therefore, taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to explain each remaining Defendant's role in the alleged events.

## V. MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR COURT APPEARANCE AND PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Finally, Plaintiff seeks the appointment of counsel (Doc. No. 3), a court appearance (Doc. No. 4), and a writ of habeas corpus ad testificandum (Doc. No. 5). He states that he has no legal training and that appointing him counsel would assist in the preparation and retrieval of "meaningful documents" and "Discovery matters." (Doc. No. 3 at 1-2). He further states that the

---

[1] In his motion for court appearance (Doc. No. 4), Plaintiff includes what appears to be a letter he wrote to Ms. Frankes on May 28, 2020, and a list of "RCA" incidents. (*Id*. at 4-8). These items provide more details about the allegations of the complaint. However, if Plaintiff wants the Court to consider these allegations, he must amend his complaint and include the allegations in the amended complaint.

appointment of counsel is required because he is indigent and "has a Constitutional right to assistance of counsel in the preparation and presentation of the defense." (*Id*. at 2).

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs*., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc*., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's lack of legal training and financial circumstances are typical to most pro se prisoner litigants. *See Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an application to proceed in forma pauperis and supporting documents, two motions, and one petition. The Court finds that Plaintiff is effectively representing his own interests to date. *See, e.g., Flores v. Holloway*, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. Plaintiff's motion to appoint counsel (Doc. No. 3) therefore will be denied without prejudice. Plaintiff may renew this motion at a later time if the circumstances warrant.

Plaintiff also filed a motion seeking a Court appearance. (Doc. No. 4). Plaintiff is not entitled to a Court appearance at this time. The motion will be denied without prejudice to refile, if appropriate.

In addition, Plaintiff filed a petition for a writ of habeas corpus ad testificandum requiring the warden at his place of confinement to bring him to court for the trial of this matter. The motion is premature and will be denied without prejudice to refile at the appropriate time.

## VI. CONCLUSION

Having conducted the screening required by the PLRA, the Court determines that the complaint fails to state Section 1983 claims upon which relief can be granted against South Central Correctional Facility, and that Defendant will be dismissed. Further, the complaint fails to state under Section 1983 failure to protect claims against the remaining Defendants. Therefore, this action is subject to dismissal.

However, had Plaintiff provided more details and sufficiently linked his allegations to the policies of Core Civic and the actions of the named individual Defendants, his allegations could be viewed as rising to the level of constitutional violations actionable under Section 1983. Therefore, taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to explain each remaining Defendant's role in the alleged events. Plaintiff must submit an amended complaint within 30 days of entry of this Memorandum Opinion and accompanying Order; otherwise, this case will be dismissed.

Plaintiff's motions seeking the appointment of counsel (Doc. No. 3) and seeking a Court appearance (Doc. No. 4) will be denied without prejudice. Likewise, Plaintiff's Petition for a Writ of Habeas Corpus Ad Testificandum (Doc. No. 5) will be denied without prejudice.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE